UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20534 CR-JORDAN/TORRES

18 U.S.C. § 1347
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

**GERARDO CRUZ,**

      Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The defendant, **GERARDO CRUZ,** was a Miami-Dade County resident.

2. Best Care Medical Supply, Inc. (hereinafter "Best Care") was a Florida Corporation located in Miami-Dade County. In or around August 2004, **GERARDO CRUZ** incorporated Best Care under the laws of the State of Florida.

### The Medicare Program

3. The Medicare Program ("Medicare") was a federal program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare are prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services ("HHS"), through its



agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

4. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

5. Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, and other health care benefits, items, and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for a specific medical purpose, such as wound care supplies and ventilators.

6. For Florida beneficiaries, Medicare Part B's insurance concerning DME and related health care benefits, items, and services, was administered by Palmetto Government Benefits Administrators ("Palmetto GBA"), pursuant to a contract with HHS. Among Palmetto GBA's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

### Medicare Billing Procedures

7. A DME company that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services was required to apply for and receive a "supplier number." The supplier number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

2

8.      To receive payment from Medicare, a DME company, using its supplier number, would submit a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies to submit CMS-1500 electronically or by way of paper claim forms. However the CMS-1500 was submitted, each claims form required certain important information, including:

    a.   the Medicare beneficiary's name;

    b.   the Medicare beneficiary's identification number;

    c.   the name and identification number of the doctor who ordered item or service that was the subject of the claim;

    d.   the health care benefits, items, or services that were supplied or provided to the beneficiary;

    e.   the billing codes for these benefits, items, or services; and

    f.   the date upon which the benefits, items, or services were provided.

9.      Medicare, through Palmetto GBA, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers.

10.     Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care providers. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

## COUNTS 1-6
## Health Care Fraud
## (18 U.S.C. §§ 1347 and 2)

1.     Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated as though fully set forth herein.

2.     From in or around May 2005, and continuing through in or around June 2005, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**GERARDO CRUZ,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud Medicare, a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, Medicare, that is: the defendant submitted, and caused the submission of, false and fraudulent claims to Medicare for the cost of various items of DME and related health care benefits, items, and services.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.     It was the purpose of the scheme and artifice for **GERARDO CRUZ** and his accomplices to unlawfully enrich themselves by: (a) submitting, and causing the submission, of false and fraudulent claims to Medicare for the cost of various health care benefits, items, and services; and (b) concealing the submission of false and fraudulent claims and the receipt and transfer of fraud proceeds.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. To conceal the fact that he was controlling Best Care, **GERARDO CRUZ** placed the ownership of the company into the name of a nominee owner.

5. **GERARDO CRUZ** caused Best Care to submit approximately $1.2 million in Medicare claims that falsely and fraudulently represented that various DME items and services were medically necessary and had been provided to Medicare beneficiaries.

6. To conceal the receipt of fraud proceeds, **GERARDO CRUZ** directed Best Care's nominee owner to open three bank accounts in the name of the nominee owner and Best Care. **CRUZ** directed the nominee owner to deposit Medicare checks made payable to Best Care into these bank accounts.

7. To conceal the transfer of fraud proceeds from Best Care bank accounts, **GERARDO CRUZ** directed the nominee owner to sign checks in blank from these accounts.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **GERARDO CRUZ**, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program:

| Count | Beneficiary | Approx. Date of Claim | Medicare Claim Number | Item Claimed; Approx. Amount Billed |
|---|---|---|---|---|
| 1 | R.C. | 5/16/05 | 05136807103000 | Hydrocolloid dressings; $950 |
| 2 | B.M. | 5/24/05 | 05144802992000 | Collagen dressings; $4,500 |
| 3 | M.N. | 5/17/05 | 05137732657000 | Collagen dressings; $850 |
| 4 | R.R. | 5/17/05 | 05137732668000 | Volume control ventilator; $1,000 |
| 5 | R.T. | 6/10/05 | 05161820855000 | Collagen dressings; $4,500 |
| 6 | V.T. | 6/10/05 | 05161820878000 | Collagen dressings; $4,500 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

A TRUE BILL

_____
FOREPERSON

*[signature]*
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

*[signature]*
WILLIAM J. PARENTE JR.
SPECIAL ASSISTANT UNITED STATES ATTORNEY

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-20534-CR-JORDAN/TORRES

UNITED STATES OF AMERICA

vs.

GERARDO CRUZ,

           **Defendant.**
_____/

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

  X  Miami    ___ Key West
  ___ FTL    ___ WPB    ___ FTP

New Defendant(s)    Yes ___  No ___
Number of New Defendants  ___
Total number of counts  ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take  5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:
  (Check only one)                       (Check only one)

  I   0 to 5 days    5    Petty  ___
  II  6 to 10 days    ___  Minor  ___
  III 11 to 20 days   ___  Misdem. ___
  IV 21 to 60 days   ___  Felony  X
  V  61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  No

If yes:
Judge: _____  Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter? (Yes or No)  No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the _____ District of _____

Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  ___ Yes  X No

8. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 1999?  ___ Yes  X No
If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  X No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  X No

                                            _____
                                            WILLIAM PARENTE
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Court ID# A550975

*Penalty Sheet(s) attached                                                               REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: GERARDO CRUZ

Case No: 06-20534 CR-JORDAN /TORRES

Counts #: 1 - 6

Health Care Fraud

18 U.S.C. §§ 1347 and 2

* Max. Penalty: 10 years' imprisonment as to each count

Counts #

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.